IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

v.                          Case No. 4:18-cr-00053-5 KGB

MARCHELIO ANTWON ROBINSON                          DEFENDANT

**ORDER**

Before the Court is a motion for compassionate release filed *pro se* by defendant Marchelio Antwon Robinson (Dkt. No. 472). The government responded in opposition to the motion (Dkt. No. 493). For the following reasons, the Court denies Mr. Robinson's motion for compassionate release (Dkt. No. 472).

**I.      Background**

Mr. Robinson entered a guilty plea to conspiracy to distribute cocaine hydrochloride in violation of 18 U.S.C. § 371 (Dkt. No. 285, 286). Mr. Robinson was sentenced by this Court on July 25, 2019, to a term of 60 months in the Federal Bureau of Prisons ("BOP") to be followed by three years of supervised release (Dkt. No. 331, 340).

In support of his motion, Mr. Robinson maintains that he requested relief from the warden of the BOP facility where he is housed but that, to date, his request has not been granted by the warden (Dkt. No. 472, at 2). Mr. Robinson also maintains that he suffers from type-two diabetes and hypertension (*Id.*). He cites these two conditions as meeting the criteria set by the Centers for Disease Control and Prevention ("CDC") as risk factors for COVID-19 (*Id.*, at 2-3). He asserts that he is at greater risk as a result of the conditions in which he is housed at the BOP (*Id.*, at 5-9). In the documentation he provides, he explains his release plan, plans to support himself until he secures employment, and plans to obtain and pay for his own medical care and treatment.

In its response to Mr. Robinson's motion, the government maintains that compassionate release is not warranted in Mr. Robinson's case (Dkt. No. 493).

**II.     Discussion**

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A).

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act. To the extent Mr. Robinson seeks relief from this Court under the CARES Act, the Court denies his motion.

The Court interprets Mr. Robinson's motion to be a request pursuant to the compassionate release provision of the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–40 (2018) (codified at 18 U.S.C. § 3582). For the following reasons, the Court denies Mr. Robinson's motion for compassionate release.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority. *See United States v.*

*Addonizio,* 442 U.S. 178, 189–90 (1979).  The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed.  *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons.  The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP.  *See* 18 U.S.C. § 3582(c)(1).  Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).  The BOP may oppose a defendant's motion for compassionate release.  The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples.  The Court acknowledges that this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n.1.  The examples are:  (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family

3

circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Mr. Robinson meets neither the minimum age nor the served-time requirement under the Guidelines, based on the Court's review of this record. Mr. Robinson does not argue that he meets either of these requirements. Instead, Mr. Robinson cites his current health situation in support of his motion. The government acknowledges that Mr. Robinson, who is 39 years old, is obese and has been diagnosed with type-2 diabetes and hypertension based on his medical records (Dkt. No. 493, at 4). Further, the government acknowledges that obesity and type-2 diabetes are recognized by the CDC as potential risk factors associated with COVID-19 (*Id.*). The government also recognizes that hypertension has been recognized by the CDC as a condition that might be a potential risk factor for COVID-19 (*Id.*). The government does not dispute that Mr. Robinson has these conditions, nor does the government dispute that, if the Court determines that Mr. Robinson has a medical condition that the CDC has identified as a risk factor for COVID-19 and from which he is not expected to recover, the Court could reasonably find the existence of an extraordinary and compelling reason for compassionate release if the other criteria also are met (*Id.*, at 4-5). Here, the government maintains that Mr. Robinson poses a risk to the community if he were to be released (*Id.*, at 5).

Even if Mr. Robinson could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, all of which the Court has considered. Specifically, here, the Court considers the nature and circumstances of the offense, the history and characteristics of

Mr. Robinson, and protecting the public from additional crimes by Mr. Robinson. *See* 18 U.S.C. §§ 3142(g)(1), (4); 18 U.S.C. §§ 3553(a)(1), (2)(c). The Court has reviewed the Presentence Investigation Report that was available at the time of Mr. Robinson's sentencing for this offense. Mr. Robinson's criminal history weighs against granting his motion (Dkt. No. 493, at 9-10). Further, based on Mr. Robinson's criminal history and the instant offense of conviction, when given the opportunity to do so in the past, Mr. Robinson has failed to conform his conduct to what the law requires (*Id.,* at 10-11). Based on the record before the Court and for the reasons explained, the Court denies his motion for compassionate release at this time (Dkt. No. 472).

### III.    Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Mr. Robinson's motion for compassionate release at this time (Dkt. No. 472).

It is so ordered this 8th day of October, 2020.

_____
Kristine G. Baker
United States District Judge